<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**No. 14-1689**

_____

FORLANDO J. BROWN,

              Plaintiff - Appellee,

RUSSELL L. BAUKNIGHT, Special Administrator of James Brown
Estate and Special Trustee of James Brown August 1, 2000
Irrevocable Trust Agreement,

              Trustee – Appellee,

     v.

ADELE J. POPE, individually and as Trustee of the Irrevocable
Trust established by James Brown in August 1, 2000,

              Defendant – Appellant,

     and

ROBERT L. BUCHANAN, JR., individually and as Trustee of the
Irrevocable Trust established by James Brown in August 1,
2000,

              Defendant.

_____

**No. 14-1713**

_____

FORLANDO J. BROWN,

              Plaintiff - Appellee,

RUSSELL L. BAUKNIGHT, Special Administrator of James Brown
Estate and Special Trustee of James Brown August 1, 2000
Irrevocable Trust Agreement,

Trustee – Appellee,

v.

ROBERT L. BUCHANAN, JR., individually and as Trustee of the Irrevocable Trust established by James Brown in August 1, 2000,

Defendant – Appellant,

and

ADELE J. POPE, individually and as Trustee of the Irrevocable Trust established by James Brown in August 1, 2000,

Defendant.

---

Appeals from the United States District Court for the District of South Carolina, at Columbia.   William O. Bertelsman, Senior District Judge.  (3:08-cv-00014-WOB-JGW)

---

Submitted:  June 30, 2015                    Decided:  July 21, 2015

---

Before GREGORY, AGEE, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Adam T. Silvernail, MOSES & BRACKETT, PC, Columbia, South Carolina; J. Calhoun Watson, SOWELL GRAY STEPP & LAFFITTE, L.L.C., Columbia, South Carolina, for Appellants.   William W. Wilkins, Burl F. Williams, NEXSEN PRUET, LLC, Greenville, South Carolina; J. David Black, NEXSEN PRUET, LLC, Columbia, South Carolina; John A. Donsbach, Sr., DONSBACH & KING, LLC, Augusta, Georgia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adele Pope and Robert Buchanan (Appellants) appeal the district court's orders granting summary judgment to Forlando Brown on Appellants' counterclaims, dismissing the James Brown Irrevocable Trust as a party, denying reconsideration, and denying Pope's motion to certify questions of law to the Supreme Court of South Carolina. Finding no reversible error, we affirm.

We review de novo a district court's order granting summary judgment. D.L. ex rel. K.L. v. Balt. Bd. of Sch. Comm'rs, 706 F.3d 256, 258 (4th Cir. 2013). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view "the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002).

With these considerations in mind, we affirm the grant of summary judgment to Brown on all five of Appellants' counterclaims, substantially for the reasons stated by the district court, and we affirm the denial of reconsideration and the motion to certify questions to the Supreme Court of South Carolina. Brown v. Pope, No. 3:08-cv-00014-WOB-JGW (D.S.C. Mar. 28, 2014; June 16, 2014). In addition, we note that, as to their counterclaim of fraud, Appellants have failed to allege and support the existence of each element of a fraud claim. As to their claim for attorney's fees, we have looked to other courts' interpretations of the phrase "as justice and equity may require" in provisions identical to S.C. Code Ann. § 62-7-1004 (Supp. 2014), and we conclude that Appellants have failed to establish that an award of attorney's fees is warranted.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4